**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROBERT E. GREEN,**

        **Plaintiff,**

        v.                CASE NO. 10-3062-SAC

**CORRECTIONS CORPORATION
OF AMERICA,**

        **Defendant.**

<u>**MEMORANDUM AND ORDER**</u>

This civil rights complaint, 28 U.S.C. § 1331, was filed by an inmate of the Leavenworth Detention Center (LDC), Leavenworth, Kansas, which is owned and operated by the Corrections Corporation of America (CCA), a private corporation. The only named defendant is the CCA.

As the factual basis for this complaint, Mr. Green alleges as follows. On October 17, 2009, he was attacked by another inmate at the LDC/CCA. He restrained the other inmate "for nearly 20 minutes before staff members arrived finding him holding the attacker." When Officer Medill ordered him to "break it up" he complied, and his attacker struck him in the nose. Officer Medill then sprayed pepper spray directly in plaintiff's eye "with no regard to his aggressor", which plaintiff alleges was racially motivated since Medill and the other inmate were Caucasian, and plaintiff is African American. Plaintiff was placed in wrist restraints and taken to medical where he tried to rinse out his

eyes. He was then escorted to ad-seg where he was able to rinse out the chemicals that had been in his eyes for 30 minutes. The "after burn" remained for two days. Plaintiff received a Disciplinary Report (DR) for fighting, and was "reprimanded 15 days dis-seg". He sought to use the grievance procedure to request expungement of the DR, but his Informal Resolution was returned with the notation "not eligible for the IR process, must discuss with SCO Monroe Acting DHO."

Plaintiff claims he was given a directive that endangered his safety. He further claims that he "sustains permanent burn marks" around his eyes. He also claims "this shows retaliatory intimidation" to prevent him from recording his grievance on this racially-motivated physical abuse by staff. Plaintiff's allegations are construed as asserting two grounds: (1) racially-motivated physical abuse and the giving of a directive that endangered him physically, and (2) retaliatory intimidation" to prevent him from recording his grievance on this alleged incident. He seeks compensatory damages "through injunctive relief" and punitive damages "against the corporation."

**MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff has filed a Motion for Leave to Proceed in forma pauperis (Doc. 2), and an affidavit in support, with a document attached signed by the "Accounting Clerk" at the CCA stating there has been no activity in plaintiff's inmate account from September 16, 2009 to the present (letter dated March 23, 2010). He is

advised that he is required by local court rule to submit a motion to proceed in forma pauperis as well as a civil complaint upon forms provided by the court, and he must comply with those rules in any future lawsuit. The forms are provided for free upon request to the clerk of this court.

Based upon the limited financial information provided, the court finds that plaintiff currently does not have sufficient funds to pay either the full filing fee herein of $350.00 or an initial partial filing fee, and will grant the motion. Nevertheless, Mr. Green is assessed the full filing fee of $350.00 for this civil action. He is reminded that pursuant to 28 U.S.C. § 1915(b)(1), he remains obligated to pay this fee in full. Being granted leave to proceed in forma pauperis merely entitles him to pay the filing fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**SCREENING**

3

Because Mr. Green is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed.

**NO CAUSE OF ACTION AGAINST CCA**

Plaintiff names the CCA as the only defendant and seeks money damages "under 28 USC Section 1331" against "the corporation". There is no established cause of action against a corporation like the CCA for damages under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971) based upon the incident alleged in the complaint. The CCA is a private corporation that contracts with an agency of the United States, usually the United States Marshals Service or the Federal Bureau of Prisons, to house its federal prisoners. In Bivens, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." See Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). Bivens held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983." Id.;

Carlson v. Green, 446 U.S. 14, 18 (1980)(recognizing a parallel cause of action for Eighth Amendment violations). However, the proper defendant in a Bivens action is a federal official or agent, not a corporation. See Malesko, 534 U.S. at 61; FDIC v. Meyer, 510 U.S. 471, 472 (1994)(no cause of action directly against federal agency under Bivens); Peoples v. CCA Detention Centers, 422 F.3d 1090, 1101, 1105 (10th Cir. 2005)(no cause of action for damages under Bivens against a private prison when state remedies are available); Lindsey v. Bowlin, 557 F.Supp.2d 1225, 1230 (D. Kan. 2008). Reluctant to extend Bivens liability "to any new context or new category of defendants," Malesko, 534 U.S. at 68, the Supreme Court held that Bivens provides no implied private right of action for damages against private entities engaged in alleged constitutional violations while acting under color of federal law. Id. at 68-70. In short, plaintiff has not presented a factual basis that establishes a cause of action against the CCA under § 1331.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION**

Moreover, plaintiff does not allege any facts showing the CCA may be held liable for the alleged incident simply because this corporation operates the prison. The person liable in a Bivens action is the individual who actually participated in the alleged incident that is claimed to have violated the plaintiff's constitutional right. The complaint in this case is devoid of any allegation of actual participation by defendant CCA in the

5

incident.  Plaintiff appears to seek recovery against CCA solely on a theory of vicarious liability, assuming the corporation is liable for the acts or omissions of CCA personnel who allegedly violated plaintiff's constitutional rights.  See Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir. 1992), cert. denied, 509 U.S. 923 (1993).  There is no liability, under a respondeat superior theory, of an individual's supervisor or employer who is not alleged to have personally participated in the incident.  See Rizzo v. Goode, 423 U.S. 362 (1976); Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976).

**FAILURE TO STATE CLAIM OF FEDERAL CONSTITUTIONAL VIOLATION**

Furthermore, § 1331 provides that the "district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff does not cite any federal constitutional amendment or law as the basis for his cause of action[1].  With respect to the first ground, plaintiff's allegation that the incident was racially-motivated is supported by nothing other than his conclusory allegation that he is a different race from the correctional officer and other inmate.

---

[1] A pro se complaint must be given a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Jackson v. Integra Inc., 952 F.2d 1260, 1261 (10th Cir. 1991).  However, the court cannot assume the role of advocate for the pro se litigant, and "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997); see Kempf v. City of Colorado Springs, 91 Fed. Appx 106, 107 (10th Cir.2004).  Moreover, a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)(Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.); see Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

If he is attempting to state a claim of excessive force or cruel and unusual punishment under the 8th Amendment, the facts he alleges, as opposed to the conclusory allegations, are not sufficient to state such a claim.[2]

Assuming the truth of plaintiff's factual allegations in his complaint, that a CCA employee sprayed him with pepper spray during a fight between two inmates, those facts are not sufficient to state a claim of excessive force. In Graham v. Connor, 490 U.S. 386 (1989), the United States Supreme Court discussed Whitley v. Albers, 475 U.S. 312 (1986), and distinguished excessive force claims brought by free citizens from such claims brought by incarcerated individuals. In Whitley, the Court stated that, "[a]fter incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment (citations omitted)." Id. at 319. In considering an excessive force claim by a prison inmate, a court

---

[2] To succeed on an Eighth Amendment claim, an inmate must allege facts indicating the deprivation was "sufficiently serious" and that prison officials acted with "deliberate indifference to inmate health or safety." Fogle v. Pierson, 435 F.3d 1252, 1260 (10th Cir.), cert. denied, 549 U.S. 1059 (2006). This deliberate indifference standard includes both an objective and subjective component. Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005). To satisfy the objective component, a prisoner must show that he or she is "incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The "subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Martinez, 430 F.3d at 1304 (quotation omitted). It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
  Plaintiff's allegations fall far short of indicating that he was subjected to an excessive risk to his health or safety; or that the CCA acted in a deliberately indifferent manner to such a risk. Plaintiff has not alleged facts showing deprivations so cruel or prolonged as to have posed a serious risk of danger to his life or health.

must determine "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm (citations omitted)." Id. at 320-21. Relevant factors to be considered in making this determination include (1) the need for the application of force; (2) the relationship between the need and amount of force used; and (3) the extent of injury inflicted. Id.; see also Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003). This standard is "sensitive to the highly-charged prison environment." "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied sub nom. John v. Johnson, 414 U.S. 1033 (1973); Hudson v. McMillian, 503 U.S. 1, 9-10 (1992)(Excluded from the Eighth Amendment's reach are "de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."). A prison guard's use of force is entitled to deference by the courts because their decisions are made "in haste, under pressure, and frequently without the luxury of a second chance." Hudson, 503 U.S. at 6; Whitley, 475 U.S. at 320.

Applying the foregoing standards to the facts alleged by plaintiff, the court finds that, even accepting plaintiff's factual allegations as true, they fail to establish a violation of the Eighth Amendment. Plaintiff's own exhibits and allegations indicate he was involved in a physical altercation with another inmate. They also indicate he was disciplined as a result of his

8

behavior. No showing is made that the disciplinary action has been overturned. Fighting with another inmate is clearly contrary to the legitimate penological interest of maintaining control and discipline in the prison facility. Under such circumstances, the use of some physical force can hardly be considered repugnant to the conscience of mankind.

Furthermore, plaintiff alleges no facts indicating the pepper spray was not "applied in a good faith effort to maintain or restore discipline, and was applied "maliciously and sadistically for the very purpose of causing harm." Cf. Whitley, 475 U.S. at 320-321; Sampley, 704 F.2d at 494-496[3]; Smith, 339 F.3d at 1212. His conclusory allegation of racial motivation is not supported by any descriptive facts and circumstances showing improper motive.

---

[3] In Sampley, the Tenth Circuit instructed:

A prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976). We think that this standard imposes three requirements for an inmate to state a cause of action under the eighth amendment and section 1983 for an attack by a prison guard. First, "wanton" requires that the guard have intended to harm the inmate. Second, "unnecessary" requires the force used to have been more than appeared reasonably necessary at the time of the use of force to maintain or restore discipline. Third, "pain" means more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury. In applying this test, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. Johnson, 481 F.2d at 1033.

* * *

A court should also bear in mind that a prison guard, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself. See Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974).

Sampley, 704 F.2d. at 494-96.

His allegations give the impression that "force was applied in a good faith effort to maintain or restore discipline." Nor does plaintiff allege a "wanton infliction of pain" that was severe, or a lasting injury. It follows that plaintiff's allegations fail to implicate constitutional concerns. In order for plaintiff to elevate his allegations to a federal constitutional violation cognizable in federal court, he must provide additional facts sufficient to support a constitutional claim of excessive force or racially-motivated physical force.

With respect to plaintiff's other ground, that he was prevented from filing a grievance on this incident, the facts alleged in support, taken as true, also fail to state a federal constitutional violation. Plaintiff alleges and shows by exhibit that he attempted to file a grievance seeking to have his disciplinary report expunged. However, his exhibit also plainly shows he was informed that the grievance process was not the proper method to challenge disciplinary action, and that he must initially seek relief from the Disciplinary Hearing Officer. The only relief plaintiff sought in his grievance was expungement of the DR. Generally, the disciplinary appeals process is used for challenges to disciplinary actions. Plaintiff had no constitutional right to use the prison grievance process when the relief he sought was available only through the disciplinary appeals process.[4]

---

[4] It also appears from plaintiff's exhibit, that he did not fully exhaust the appropriate administrative remedies on either his claim that he was subjected to racially-motivated physical abuse or his claim that his DR should be expunged. See 42 U.S.C. § 1997e(a),(c).

**FAILURE TO ESTABLISH DIVERSITY JURISDICTION**

Plaintiff's allegations are not shown to amount to anything more than a claim of mere negligence or tortious misconduct. Generally, a tort or negligence claim is a cause of action under state law, and thus should be brought in state, rather than federal, court. Plaintiff may only sue in federal court under a tort or negligence theory if he satisfies the prerequisites for asserting diversity jurisdiction[5] under 28 U.S.C. § 1332(a)(1). Section § 1332(a)(1) provides that the district courts have jurisdiction over all civil actions where the matter is controversy exceeds the sum of $75,000, and is between citizens of different States. For purposes of diversity jurisdiction, a prisoner is presumed to be a citizen of the State of which he was a citizen before his incarceration, even if he is subsequently incarcerated in a different State. Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006). Plaintiff has not alleged that he is a citizen of a State other than Kansas, and thus complete diversity of citizenship between the parties has not been established. Plaintiff shall be given time to provide information as to his State citizenship

---

[5] Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction. There is a presumption against federal jurisdiction, and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. Mere conclusory allegations of jurisdiction are not enough. See e.g. Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002); United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999); Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995). Instead, a plaintiff must present facts to show jurisdiction and support those facts with competent evidence. A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking.

including his address prior to incarceration[6].

Plaintiff will be given time to cure the foregoing deficiencies in his complaint or show cause why this action should not be dismissed for the reasons stated herein. If he fails to properly respond within the time allotted by the court, this action may be dismissed without prejudice without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis is granted based upon the limited financial information he provided, and he is assessed the full filing fee herein of $350.00 to be paid through payments automatically deducted from his inmate account pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days in which to cure the deficiencies in his complaint or show cause why this action should not be dismissed for the reasons stated herein.

The clerk is directed to transmit a copy of this Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

---

[6] Normally, a person's citizenship for diversity purposes is defined as domicile, which involves physical presence in a State with an intent to remain indefinitely. In the case of a prisoner, the presumption applies that when a prisoner has been moved out-of-state by prison officials, the prisoner's citizenship for diversity purposes is in the State where he was domiciled before he was imprisoned. Plaintiff does not allege facts showing he was domiciled other than in Kansas before he was imprisoned here. Imprisonment in another State alone does not make that State an inmate's domicile for diversity jurisdiction purposes. Plaintiff must allege additional facts showing his diverse citizenship. For example, he might provide his address and residence in the other State prior to his imprisonment, describe for what purpose he was in Kansas prior to incarceration, and aver that he never displayed any intent to remain indefinitely in Kansas and that he intends to live in a different state upon release from custody.

Dated this 22nd day of April, 2010, at Topeka, Kansas.

                                                s/Sam A. Crow
                                                U. S. Senior District Judge