## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 10-3062-KHV |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA and OFFICER MEDILL, | ) | |
| | ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## MEMORANDUM AND ORDER

Plaintiff filed suit against Corrections Corporation of America (CCA) and Officer Medill, a CCA prison official, under state tort law and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiff alleges that Officer Medill intentionally and negligently sprayed him with pepper spray in violation of his rights under the United States Constitution and state law.  This matter is before the Court on plaintiff's Motion For Judgment On The Pleadings (Doc. #35) filed April 4, 2011, Defendant Correction Corporation Of America's Motion For Judgment On The Pleadings And Response To Plaintiff's Motion For Judgment On The Pleadings (Doc. #37) filed April 25, 2011, and plaintiff's letter (Doc. #42) filed May 3, 2011, which the Court construes as a motion to review a magistrate's order.  For reasons stated below, the Court overrules all three motions.

## Legal Standards

A motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is governed by the same standards as a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P.[1]  See Atl. Richfield

---

[1]   Fed. R. Civ. P. 12(c) states in relevant part as follows: "After the pleadings are closed
(continued...)

Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000); Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The specific allegations in the complaint must plausibly support a legal claim for relief. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). Rather than deciding whether a claim is "improbable," the Court determines whether the factual allegations in the complaint sufficiently raise a right to relief above the speculative level. See id. (quoting Twombly, 550 U.S. at 556). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id. Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough for plaintiff to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A

---

[1](...continued)
– but early enough not to delay trial – a party may move for judgment on the pleadings."

pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Id.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief.  Id. at 1950.  Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends upon the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

Because plaintiff proceeds pro se, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court does not, however, assume the role of advocate for a pro se litigant.  See id.

### Factual Background

On appeal, the Tenth Circuit set forth the allegations of plaintiff's complaint as follows:

Green alleges he is (or at least was) a pre-trial detainee housed at the Leavenworth, Kansas Detention Center, a private prison run by defendant Corrections Corporation of America ("CCA") pursuant to a contract with the United States Marshals Service. On October 17, 2009, Green alleges he was attacked by another prisoner.  Green subdued the other prisoner and restrained him for twenty minutes before a prison official, Officer Medill, arrived. Medill ordered the two to "break it up."  ROA at 4. Green complied and freed the other prisoner's arms, which allowed the prisoner to punch Green in the face.  Medill then sprayed Green in the face with pepper spray, but did nothing to the other prisoner.  Green alleges that he is African-American, the other prisoner is not African-American, and Medill is Caucasian.  Id.

Green was taken to "medical," where he tried to rinse his eyes out, but had difficulty because his wrists were handcuffed behind his back.  Medical personnel refused to re-cuff him so his hands would be in front of his body.  Green was subsequently taken to "ad-seg" (administrative segregation) where the cuffs were removed and he was able to rinse his eyes.  Id.  Green alleges that the chemicals were in his eyes for thirty minutes, that a burning sensation remained for two days, and that he has permanent scarring around his eye area.

After a disciplinary proceeding, Green received a disciplinary report for fighting and fifteen days' "dis-seg" (presumably, disciplinary segregation). Id. at 5. Green submitted an informal grievance resolution form ("IR") alleging that Medill gave him an order that endangered his safety and that he was the victim of racially-motivated physical abuse. He requested that the disciplinary report be expunged. Id. at 6. The IR was returned without action, with the notation: "not eligible for the IR process, must discuss with [the disciplinary hearing officer]." Id. at 5. Green alleges that this is evidence of "retaliatory intimidation to prevent [him] from" filing a grievance. Id. Green raises a number of claims in his complaint and seeks relief in the form of "compensatory and monetary damages against the corporation through injunctive relief in the amount of $150,000 actual and $300,000 punitive." Id.

Order And Judgment (Doc. #27) filed January 3, 2011 at 2-4.

On July 8, 2010, the Honorable Sam A. Crow dismissed plaintiff's complaint for failure to state a claim, lack of diversity jurisdiction and failure to exhaust administrative remedies. Plaintiff appealed. The Tenth Circuit affirmed the dismissal of plaintiff's Bivens claims but reversed the dismissal of plaintiff's state law claims. As to the state law claims, the Tenth Circuit remanded with instructions that the Court give plaintiff an opportunity to establish an amount in controversy that satisfies the jurisdictional minimum.[2]

CCA seeks judgment on the pleadings as to plaintiff's remaining state law claims.[3]

---

[2]      The Tenth Circuit held that plaintiff's only remaining claims were against CCA and Officer Medill under state tort law. The Tenth Circuit noted that plaintiff's complaint is properly characterized as seeking only damages, and this Court need not consider plaintiff's untimely requests for injunctive and declaratory relief.

On remand, Judge Crow ordered that Officer Medill be added as a defendant. On January 20, and 21, 2011, the U.S. Marshal's Office served CCA and Officer Medill with a copy of the complaint.

[3]      Plaintiff also seeks judgment on the pleadings. In light of the fact that CCA denies the nature, cause and extent of plaintiff's injuries and damages, see Defendant Corrections Corporation Of America Answer To The Petition (Doc. #33) ¶ 2, the Court overrules plaintiff's motion for judgment on the pleadings.

-4-

Case 5:10-cv-03062-KHV-JPO   Document 52   Filed 08/25/11   Page 5 of 8

**Analysis**

**I.      Diversity Jurisdiction**

Plaintiff asserts a claim for damages based on diversity jurisdiction.  Defendant argues that plaintiff cannot establish that his damages are in excess of $75,000.  Federal courts may exercise jurisdiction over an action involving parties of diverse citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  In determining the amount in controversy, the sum which plaintiff claims controls if the claim is apparently made in good faith.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).  When the amount in controversy is challenged, plaintiff must demonstrate that it is not legally certain that his claims are less than the jurisdictional amount.  Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1216 (10th Cir. 2003); see Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir. 1994).  The legal certainty standard is strict.  Generally, dismissal is warranted only where (1) a contract limits the possible recovery, (2) the law limits the amount recoverable or (3) plaintiff commits an obvious abuse of federal jurisdiction.  Woodmen, 342 F.3d at 1216-17.

Here, plaintiff alleges that Officer Medill intentionally or negligently sprayed pepper spray in his eyes even though he was the victim of an attack by another prisoner.  Defendant cites no law which would limit recovery on such a claim to $75,000 or less.  In the complaint, plaintiff seeks $150,000 in actual damages and $300,000 in punitive damages, and defendant has not shown that plaintiff has asserted the damage amounts in bad faith.  Accordingly, the Court overrules CCA's motion for judgment on the pleadings for lack of diversity jurisdiction.

**II.     State Law Claims**

CCA argues that it is entitled to judgment on the pleadings on plaintiff's state law tort claims.

As explained above, liberally construed, plaintiff's complaint asserts claims for battery and negligence. Because defendant's motion does not address plaintiff's battery claim, the Court overrules the motion as to that claim. As to plaintiff's negligence claim, defendant argues that the complaint does not state a claim that Officer Medill breached the duty owed to plaintiff as a prison inmate. The Court disagrees. Liberally construed, plaintiff alleges that Officer Medill intentionally or negligently sprayed pepper spray in his eyes and not in the eyes of the inmate who attacked plaintiff in the officer's presence. Such allegations state a plausible claim that Officer Medill breached his duty to plaintiff. See Smith v. Cochran, 216 F. Supp.2d 1286, 1296 (N.D. Okla. 2001) (standard duties of prison guards encompass care, security and control of inmates); see also Driver v. United States, No. 84-4178-R, 1989 WL 88000, at *4 (D. Kan. Aug. 3, 1989) (federal government has duty of care to exercise ordinary diligence to keep prisoners housed in federal facilities safe and free from harm). Accordingly, the Court overrules defendant's motion for judgment on the pleadings.[4]

### III.     Plaintiff's Motion For Review

On April 14, 2011, Magistrate Judge James P. O'Hara entered an Initial Order Regarding Planning And Scheduling (Doc. #36). In that order, Judge O'Hara directed the parties to confer to discuss the case and the use of mediation or other methods of alternative dispute resolution. Judge O'Hara noted that absent exceptional circumstances, the court expected that the parties utilize some form of ADR within 90 days of the scheduling conference which was scheduled for May 31, 2011.

Plaintiff objects to the magistrate judge's rulings as to alternative dispute resolution and the

---

[4]     CCA does not attempt to distinguish its potential liability with the potential liability of Officer Medill. Accordingly, for purposes of CCA's motion, the Court also does not do so.

scheduling conference because they do not comply with the Tenth Circuit mandate.  Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). As best the Court can ascertain, plaintiff believes that he is entitled to the full amount of money damages which he has alleged in the complaint ($450,000) based on the Tenth Circuit ruling on diversity jurisdiction.  For reasons stated above, the Court finds that plaintiff has sufficiently pled the jurisdictional amount.  Even so, pleading an amount of damages which satisfies the threshold for diversity jurisdiction does not automatically entitle plaintiff to such damages. Judge O'Hara's Initial Order Regarding Planning And Scheduling (Doc. #36) is a standard order which the Court uses in nearly every civil case and merely sets forth the framework for discussions between the parties about discovery and potential settlement.  Plaintiff has not shown that the order is clearly erroneous, contrary to law or in conflict with the Tenth Circuit mandate.  The Court therefore overrules plaintiff's motion for review.[5]

## IV.   Officer Medill

On January 20, 2011, the U.S. Marshal's Office served Officer Medill with a copy of the complaint. Doc. #31. Officer Medill has subsequently failed to appear.[6] The Court therefore directs

---

[5]    Plaintiff ultimately refused to participate in the scheduling conference which was rescheduled for June 1, 2011 because he maintained that such a conference was "unethical." Scheduling Order (Doc. #44) at 1.  Plaintiff is expected to participate in future scheduling conferences and his unjustified refusal to do so could lead to dismissal of the case.

[6]    Counsel for CCA refer to "defendants" in the plural in several portions of the briefing, but counsel have not entered an appearance on behalf of Officer Medill.  See Appearance Of Counsel [For CCA Only] (Doc. #32) filed February 15, 2011; Defendant Corrections Corporation Of America Answer To The Petit on (Doc. #33) filed February 15, 2011; Defendant Corrections Corporation Of America Motion For Judgment On The Pleadings And Response To Plaintiff's

(continued...)

the Clerk to enter default against him under Rule 55(a) of the Federal Rules of Civil Procedure.[7]

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion For Judgment On The Pleadings</u> (Doc. #35) filed April 4, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Defendant Corrections Corporation Of America Motion For Judgment On The Pleadings And Response To Plaintiff's Motion For Judgment On The Pleadings</u> (Doc. #37) filed April 25, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's letter (Doc. #42) filed May 3, 2011, which the Court construes as a motion to review a magistrate's order, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED that the Clerk enter default against Officer Medill under Rule 55(a) of the Federal Rules of Civil Procedure.**

Dated this 25th day of August, 2011 at Kansas City, Kansas.

<div style="margin-left:40%">

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

</div>

_____

[6](...continued)
<u>Motion For Judgment On The Pleadings</u> (Doc. #37) filed April 25, 2011; <u>Appearance Of Counsel [For CCA Only]</u> (Doc. #43) filed June 1, 2011.

[7]      Rule 55(a) provides for entry of default as follows:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).