## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 10-3062-KHV |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA and OFFICER MEDILL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Plaintiff filed suit against Corrections Corporation of America ("CCA") and Officer Medill, a CCA prison official, under state tort law and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges that Officer Medill intentionally and negligently sprayed him with pepper spray in violation of his rights under the United States Constitution and state law. This matter is before the Court on the Motion To Amend Or Alter Judgment Pursuant To Rule 59(e) Or In The Alternative Motion For Reconsideration (Doc. #54) filed September 1, 2011 by Corrections Corporation of America and plaintiff's Motion For Judgment As A Matter Of Law (Doc. #56) filed September 6, 2011.

### Factual Background

On appeal, the Tenth Circuit set forth the allegations of plaintiff's complaint as follows:

Green alleges he is (or at least was) a pre-trial detainee housed at the Leavenworth, Kansas Detention Center, a private prison run by defendant Corrections Corporation of America ("CCA") pursuant to a contract with the United States Marshals Service. On October 17, 2009, Green alleges he was attacked by another prisoner. Green subdued the other prisoner and restrained him for twenty minutes before a prison official, Officer Medill, arrived. Medill ordered the two to "break it up." ROA at 4. Green complied and freed the other prisoner's arms, which allowed the prisoner to punch Green in the face. Medill then sprayed Green in the face with pepper spray, but did nothing to the other prisoner. Green alleges that he is African-American, the

other prisoner is not African-American, and Medill is Caucasian.  Id.

Green was taken to "medical," where he tried to rinse his eyes out, but had difficulty because his wrists were handcuffed behind his back.  Medical personnel refused to re-cuff him so his hands would be in front of his body.  Green was subsequently taken to "ad-seg" (administrative segregation) where the cuffs were removed and he was able to rinse his eyes.  Id.  Green alleges that the chemicals were in his eyes for thirty minutes, that a burning sensation remained for two days, and that he has permanent scarring around his eye area.

After a disciplinary proceeding, Green received a disciplinary report for fighting and fifteen days' "dis-seg" (presumably, disciplinary segregation).  Id. at 5.  Green submitted an informal grievance resolution form ("IR") alleging that Medill gave him an order that endangered his safety and that he was the victim of racially-motivated physical abuse.  He requested that the disciplinary report be expunged.  Id. at 6.  The IR was returned without action, with the notation: "not eligible for the IR process, must discuss with [the disciplinary hearing officer]."  Id. at 5.  Green alleges that this is evidence of "retaliatory intimidation to prevent [him] from" filing a grievance.  Id.  Green raises a number of claims in his complaint and seeks relief in the form of "compensatory and monetary damages against the corporation through injunctive relief in the amount of $150,000 actual and $300,000 punitive."  Id.

Order And Judgment (Doc. #27) filed January 3, 2011 at 2-4.

On July 8, 2010, the Honorable Sam A. Crow dismissed plaintiff's complaint for failure to state a claim, lack of diversity jurisdiction and failure to exhaust administrative remedies.  Plaintiff appealed.  The Tenth Circuit affirmed the dismissal of plaintiff's Bivens claims but reversed the dismissal of plaintiff's state law claims.  As to the state law claims, the Tenth Circuit remanded with instructions that the Court give plaintiff an opportunity to establish an amount in controversy that satisfies the jurisdictional minimum.[1]

---

[1]     The Tenth Circuit held that plaintiff's only remaining claims were against CCA and Officer Medill under state tort law.  The Tenth Circuit noted that plaintiff's complaint is properly characterized as seeking only damages, and this Court need not consider plaintiff's untimely requests for injunctive and declaratory relief.

On remand, Judge Crow ordered that Officer Medill be added as a defendant.   On
(continued...)

**Analysis**

**I.      Motion For Reconsideration (Doc. #54)**

On August 25, 2011, the Court directed the Clerk to enter default against Officer Medill based on the assumption that the United States Marshals Service ("USMS") had properly served Officer Medill.  See Memorandum And Order (Doc. #52); Clerk's Entry of Default (Doc. #53).  In fact, on January 20, 2011, the USMS mailed by first class mail a waiver, the complaint and a court order to Officer Medill at the CCA facility in Leavenworth.  See Process Receipt And Return (Doc. #31).  As of February 10, 2011, neither the mailing nor the waiver had been returned.  See id.  CCA notes that Medill has not worked at the CCA facility in Leavenworth for more than one year and that proof of the USMS mailing to Medill at that location does not constitute sufficient service of process.  Plaintiff has not filed a response brief.  For substantially the reasons stated in Defendant Corrections Corporation Of America's Memorandum In Support Of Motion To Alter Or Amend The Judgment Pursuant To Rule 59(e) Or In The Alternative, Motion To Reconsider (Doc. #54), the Court finds that the record does not reflect that plaintiff has properly served Officer Medill under Rule 4 of the Federal Rules of Civil Procedure.  The preferred disposition of any case is upon its merits and not by default.  See Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).  Because Officer Medill did not receive proper service of process, this Court lacked personal jurisdiction over Medill when it entered the default.  Accordingly, the Court vacates the Clerk's Entry of Default [Against Officer Medill] (Doc. #53) filed August 25, 2011.

---

[1](...continued)
January 20, 2011, the United States Marshals Service ("USMS") served CCA with a copy of the complaint.  On January 21, 2011, the USMS mailed Medill a waiver of service and a copy of the complaint.  No waiver was returned.

At this point, the Court could dismiss Officer Medill from this action or allow plaintiff additional time in which to effectuate service of process.  See Kester v. State of Kan., No. 05-2031-CM, 2005 WL 1387968, at *1 (D. Kan. 2005).  In these circumstances, the Court grants plaintiff additional time to re-serve.  **Plaintiff has until December 15, 2011 to serve Officer Medill pursuant to Rule 4 of the Federal Rules of Civil Procedure, and file with the Court a proper return of service**.  **To the extent that plaintiff has a valid address for Officer Medill, on or before November 17, 2011, he may provide such information in writing to the USMS so that the agency can attempt to serve Officer Medill under Rule 4 of the Federal Rules of Civil Procedure.  Ultimately, however, plaintiff is responsible for properly serving Officer Medill.**

## II.     Plaintiff's Motion For Judgment As A Matter Of Law (Doc. #56)

Plaintiff asks the Court to grant him judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure.  Rule 50 applies only after a party has been fully heard on an issue during a jury trial.  See Fed. R. Civ. P. 50(a).  Plaintiff cannot obtain a judgment under Rule 50 before either party has presented evidence.  Liberally construed, plaintiff's motion seeks judgment on the pleadings under Rule 12(c).  In light of the fact that CCA denies the nature, cause and extent of plaintiff's injuries and damages, see Defendant Corrections Corporation Of America Answer To The Petition (Doc. #33) ¶ 2, the Court overrules plaintiff's motion.

**IT IS THEREFORE ORDERED** that the Motion To Amend Or Alter Judgment Pursuant To Rule 59(e) Or In The Alternative Motion For Reconsideration (Doc. #54) filed September 1, 2011 by Defendant Correction Corporation of America be and hereby is **SUSTAINED**.  **The Court vacates the Clerk's Entry of Default [Against Officer Medill] (Doc. #53) filed August 25, 2011. Plaintiff has until December 15, 2011 to serve Officer Medill pursuant to Rule 4 of the Federal**

-4-

**Rules of Civil Procedure, and file with the Court a proper return of service**. **To the extent that plaintiff has a valid address for Officer Medill, on or before November 17, 2011, he may provide such information in writing to the USMS so that the agency can attempt to serve Officer Medill under Rule 4 of the Federal Rules of Civil Procedure.**

**IT IS FURTHER ORDERED** that plaintiff's <u>Motion For Judgment As A Matter Of Law</u> (Doc. #56) filed September 6, 2011 be and hereby is **OVERRULED**.

Dated this 17th day of October, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge