# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT GREEN,**                          )<br>                                                       )<br>            **Plaintiff,**                )<br>                                                       )<br>v.                                                   )<br>                                                       )<br>**CORRECTIONS CORPORATION OF**    )<br>**AMERICA and OFFICER MEDILL,**    )<br>                                                       )<br>            **Defendants.**              )<br>_____) | **CIVIL ACTION**<br><br>**No. 10-3062-KHV** |

## MEMORANDUM AND ORDER

Plaintiff filed suit against Corrections Corporation of America ("CCA") and Officer Medill, a CCA prison official, under state tort law and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff alleges that Officer Medill intentionally and negligently sprayed him with pepper spray in violation of his rights under the United States Constitution and state law. This matter is before the Court on plaintiff's <u>Motion For Summary Judgment</u> (Doc. #73) filed December 22, 2011. For reasons stated below, the Court overrules plaintiff's motion.

Initially, the Court overrules plaintiff's motion for summary judgment because he has not complied with D. Kan. Rule 56.1(a) which requires that the movant file a supporting memorandum which contains a concise statement of material facts as to which he contends no genuine issue exists.[1] Moreover, plaintiff has not satisfied his burden to show that he is entitled to judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(a). Plaintiff improperly attempts to shift the burden of proof to defendants by arguing that CCS is unable to produce admissible evidence to refute his claims.

---

[1] Pursuant to local rule, the facts must be numbered and refer with particularity as to those portions of the record upon which plaintiff relies. <u>See</u> D. Kan. Rule 56.1(a).

Doc. #74 at 2. As the claimant, however, plaintiff bears the burden of proving his claims at trial and his motion for summary judgment does not address the elements of his claims. See Moore's Federal Practice (3d) § 56.11[1][b] (claimant bears burden of persuasion to obtain judgment, making summary judgment in favor of plaintiff less likely than for defendant, since plaintiff must show not only lack of material factual dispute but also that under undisputed facts, no reasonable judge or jury could find against plaintiff as a matter of law).[2] The Court therefore overrules his motion for summary judgment.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Summary Judgment (Doc. #73) filed December 22, 2011 be and hereby is **OVERRULED**.

Dated this 27th day of January, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] Plaintiff apparently argues that he is entitled to summary judgment for the full amount of money damages which he has alleged in the complaint ($450,000) because he has pled facts sufficient to establish diversity jurisdiction. In an earlier order, the Court held that plaintiff has sufficiently pled the jurisdictional amount. See Memorandum And Order (Doc. #52) filed August 25, 2011 at 5. Even so, pleading an amount of damages which satisfies the threshold for diversity jurisdiction does not automatically entitle plaintiff to summary judgment on his claims.

Plaintiff also maintains that because the Court did not overrule his objections to defendants' request for discovery, a trial on the merits would be erroneous. Doc. #76 at 1. Again, plaintiff relies solely on the fact that he has pled facts sufficient to establish diversity jurisdiction. Plaintiff does not set forth admissible evidence to establish the elements of his claims. Accordingly, based on the present record, he is not entitled to summary judgment.