IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT E. GREEN,            )<br>                             )<br>     Plaintiff,             )<br>                             )                CIVIL ACTION<br>v.                           )<br>                             )                No. 10-3062-KHV<br>CORRECTIONS CORPORATION      )<br>OF AMERICA and OFFICER MEDILL,)<br>                             )<br>     Defendants.            )<br>_____) | |

### MEMORANDUM AND ORDER

Plaintiff filed suit against Corrections Corporation of America ("CCA") and Officer Medill, a CCA prison official, under state tort law and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiff alleges that Officer Medill intentionally and negligently sprayed him with pepper spray in violation of his rights under the United States Constitution and state law.

On February 21, 2012, United States Magistrate Judge James P. O'Hara ordered plaintiff to show cause in writing by March 9, 2012 why the Court should not dismiss his complaint with prejudice because plaintiff has failed to appear at scheduled conferences and prosecute this case. See Doc. #85.  Specifically, plaintiff refused to participate in a telephone conference on February 8, 2012, indicating through prison staff that he would not participate in the conference and would speak with Judge O'Hara only if subpoenaed to do so.  In the show cause order, Judge O'Hara notes that despite having been warned both by himself and the undersigned judge that his refusal to participate in future scheduling conferences could lead to dismissal, plaintiff has repeatedly refused to participate in conferences.  See Docs. #44 at n.3; #52 at n.5.

In response, plaintiff does not address his refusal to participate in the conferences. Instead, he insists that because the Tenth Circuit ruled that he did not have to present evidence of more than $75,000 in damages to survive dismissal on diversity grounds, he "wins" on the merits and should be awarded $450,000 in damages because "there's nothing left to resolve in the matter otherwise." The fact that plaintiff survived dismissal on diversity grounds does not obviate his obligation to prove the merits of his case with evidence, however. See e.g., Smith v. United States, 561 F.3d 1090, 1105 (10th Cir. 2011) (alleging sufficient facts to survive 12(b)(6) dismissal motion "certainly no guarantee of ultimate success on the merits").

Under Rule 37(b)(2)(A)(v), Fed. R. Civ. P., the Court is permitted to dismiss the action in whole or in part when plaintiff fails to obey an order or to provide or permit discovery.[1] Dismissal is appropriate in cases of "willful misconduct" by a party. See Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). Repeated failures to abide by deadlines or to obey court orders justify dismissal under Rules 37 and 41(b). See Anthony v. Alorica, Inc., Nos. 08-2437-CM-KGS, 08-2438-JAR-KGS, 2009 WL 4611456, at *2 (D. Kan. Dec. 4, 2009); Soza v. Interstate Brand Corp., No. 08-2155-EFM, 2009 WL 2028329, at *1 (D. Kan. July 10, 2009). Because of the harshness of dismissal, however, due process requires that the violation be predicated upon willfulness, bad faith, or some fault of petitioner rather than inability to comply. Id. (quoting Archibeque v. Atchison, Topeka & Santa Fe. Ry Co., 70 F.3d 1172, 1174 (10th Cir. 1995)). The Tenth Circuit suggests that district courts evaluate five factors before imposing a

---

[1] Rule 37(b)(2)(A)(v) states in relevant part as follows:

If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders… [which] may include [] dismissing the action or proceeding in whole or in part.

dismissal sanction: (1) the degree of actual prejudice to defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.  Id.  The factors do not constitute a rigid test, but rather represent criteria for the Court to consider before imposing dismissal as a sanction.  Id.

Here, the Court finds that the factors support dismissal.  In particular, the Court finds that plaintiff's repeated refusal to participate in court-ordered conferences has interfered with the judicial process and wasted substantial judicial resources.  The Court further finds that plaintiff is culpable; he is capable of participating in conferences with the court and instead willfully refuses to do so because he mistakenly believes that he has already "won" his case.  The Court has warned plaintiff repeatedly that refusal to abide by its orders could result in dismissal.  Finally, the Court finds that monetary or other sanctions are not likely to persuade plaintiff to abide by its orders.  Plaintiff has failed to show cause why the Court should not dismiss his complaint with prejudice.

**IT IS THEREFORE ORDERED THAT** this case is **DISMISSED with prejudice.**

Dated this 25th day of June, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge